Our next case is Mydell v. McDonough 22-2298. Mr. Carpenter, you have reserved five minutes of time for rebuttal. I have, Your Honor. Thank you very much. May it please the court, Kenneth Carpenter appearing on behalf of Diana. We understand that you filed a motion to supplement the record, is that correct? I did, yes. And you did that when? This morning? No, I'm sorry, I filed a motion. No, I don't believe I did in this case. I'm sorry. It's my motion. It's your motion? And what's the motion? The motion is to amend the record to add six pages that we cited in our brief. It's the reply brief. Okay, we grant the motion and the pages will be added. You may proceed, Mr. Carpenter. Sorry, I lost my place here. I'm Kenneth Carpenter appearing on behalf of Ms. Diana Mydell. Ms. Mydell's case exemplifies both the need and the importance of the 1998 rule of law created by the Veterans Court in its decision in Stegall, which provides that a remand Are you just asking us here to apply law to the facts of the case, or if not, what specific legal issue are you asking us to review? Well, the legal error was the Veterans Court not following its own precedent in Stegall to recognize that the remand decision in 2012, which was the basis for the joint motion for remand in 2020, controlled the disposition of the question that was addressed by the court, which was whether or not there was or was not a claim. In 2012, Your Honor, the court, or excuse me, the board specifically addressed in that board remand that the 1994 notice that was provided for the original claim for hearing loss was defective, and that further, that August 1993 claim for service connection had been pending. First of all, how do you distinguish the Diamond case? Well, I don't believe the Diamond case has any application here because of the requirement of the Veterans Court under its own case law to afford the appellant an enforceable right to the terms of a remand. In this case, that was negotiated by the parties that referred to a board remand that took place in 2012, and that board remand in 2012 was dispositive of the question that was addressed by the court rather than the question that was addressed by the parties in terms of whether or not the 2020 remand required the matter to go to the board for compliance. The 2012 board remand specifically indicated that Ms. Meidel's case, her initial claim for service connection, had been pending since August of 1993. That's in appendix 42. It is also noteworthy in this case that the VA's own examination as part of that original August 1993 claim was a VA examination for hearing laws that specifically noted at page 22 of the appendix as part of that examination for the original claim that the veterans suffered from tinnitus. But the relevant portion of the board's remand was at appendix 43 that it directed the agency of original jurisdiction to re-adjudicate the issues of both hearing laws and tinnitus in light of the fact that the December 1993 rating decision was non-final. That's a controlling... It seems that in order to address these arguments that you're bringing up, that it is an application of law to fact. And we don't have your jurisdiction to entertain that most type of issues. That is generally the rule, Your Honor, but the Congress amended this court's jurisdiction to include rule of law jurisdiction. And this case involves a rule of law that was created by the Veterans Court in 1998 in the Stigall case. And that rule of law was applicable, argued below by both parties. Maybe if the case was directed to the issue you're talking about. But here, your entire argument is about a disagreement that you have over what the board in the Veterans Court did with a particular remand order. Yes, Your Honor, because that's the essence of the rule of law. It is akin to the law of the case that when a remand makes a specific instruction, that instruction is enforceable. And in this case, the 2012 board made an explicit remand to re-adjudicate both claims. So the question of whether or not there was a formal or informal claim for tinnitus is irrelevant. And that was the basis upon which the decision was affirmed below. That decision to affirm was done in direct opposition to the rule of law that was created by that court in Stigall. And we're asking this court to interpret that rule of law as created by the Veterans Court and determine that that rule of law was both applicable to and controlled the disposition of the appeal below. That is a question of law, Your Honor, that I believe is within this court's jurisdiction. This case, Your Honor, has been continuously pursued now into its fifth decade over a period of entitlement to compensation for tinnitus, which has already been conceded and determined by the agency, effective in 2007. The only question here is whether or not there was or was not an original claim for tinnitus in 1993. The Board of Veterans' Appeals disposed of that issue by finding that that claim was still pending and that the agency of original jurisdiction was required to re-adjudicate, which it ultimately did. And in the 2014 decision, the Board of Veterans' Appeals found that the veteran was entitled to the benefit of the adjudication of both claims for tinnitus and hearing loss. The question before this court is whether or not the inquiry that was made by the Veterans Court should have been made under the auspices of the rule of law set out in Stigall, specifically whether or not there was compliance with the June 20 joint motion for remand, which required the Board to reconcile its finding that there was no claim with the Board of Veterans' Appeals' remand decision in 2012. We believe that this court, consistent with the notion of the law of the case, should apply this judicially created rule of law to prevent, as has consistently been going on here, the re-litigation of issues that were already previously disposed of. Now Congress with the, this is a legacy appeal. Congress with the enactment of the AMA has resolved this issue by creating a specific statute which says that a favorable finding of fact is binding unless there is clear and convincing evidence to the contrary that that finding of fact was incorrect. In this of the 2012 Board remand. We believe that that supports Ms. Meidel's appeal and that she is entitled to a vacature of the decision below and an order from this court adopting and to enforce remand orders of the Board. Unless there's further questions, I'll reserve the balance of my time. May it please the Court. This court lacks jurisdiction over the appeal. Ms. Meidel's claim is at bottom a challenge to the Board's jurisdiction, a challenge to the determining whether the Board's actions complied with the requirements of the remand. But as your Honor was mentioning, this court has already decided in a precedential opinion indictment that the issue of VA's substantial compliance with the remand order is one that involves application of law to fact, which this court lacks jurisdiction over under 7292. That's the essential argument. So in your briefing, I think you acknowledged that it's possible in the abstract for the question of substantial compliance with the remand order to contain an embedded legal question. Yes, Your Honor. Do you consider the scope of a remand order to be a legal question or more of a factual question? The scope of a remand order, our understanding is that it's a factual question. This court, aside from this Bergman case that we identified, has never held in a precedential decision that the scope of remand order is a question of law. And if it does so, you're going to expect a lot of claims. That is going to be a highway for claims to come here to this court. That also comports with how this court does, for instance, claim construction. What the contents of a claim are an issue of fact. This court has held that before. So this is analogous to that kind of issue. If this court does reach the decision, if the court does determine that it has jurisdiction over it, then it should still deny Ms. Meydel's claim. It still fails. And that's because the construction of the remand order is not as Ms. Meydel presents it. I was actually a little puzzled by counsel's presentation of the argument. I don't believe that that's actually the presentation that was present in his brief. The remand order, the remand order is a legal question. The issue in this appeal is the June 2020 remand order, which says that the board is supposed to reconcile the May 2012 decision and the January 2007 decision. There was a 1993 claim pending. According to the May 2012 decision, there was a 1993 claim pending for hearing loss. But then later, the court ruled in 2019 that the first time there was a claim for tinnitus was in January 2007. And so the remand order is just to say, is there any conflict here? Should we understand that these, could the earlier claim have encompassed tinnitus? And the board reconciled those matters as we set forth in our brief. Ms. Meydel tries to construe this remand order to basically read out all of the contextualizing statements and just say that, therefore, the board was required to find that tinnitus was included. But it wasn't, and that's not the proper construction of the remand order. I won't take the balance of my time if the court has no questions. Thank you for your argument. Mr. Carpenter. Ms. Meydel's appeal does not require this court to review the contents of the remand order. This court is only obligated to look at the rule of law created in Stegall. The rule of law in forcible right when he receives a remand order from either the court or the board. In this case, in July of 2020, there was a joint remand entered into the parties that was granted by the court. That joint remand order incorporated in its joint remand motion, the 2012 remand decision, because the 2012 remand decision specifically found that the 1993 claim was pending. What happened in this case procedurally was that in 2007, Ms. Meydel attempted to reopen, and eventually that reopen claim was considered in 2012. And one of the findings made by the board in the 2012 decision was that this was not a reopened claim, because there had to have been a previously disallowed claim. So the only claim is the 1993 decision. We believe that that is controlled by the 2020 remand, which was entered into by the parties that incorporated the 2012 remand. Unless there's any further questions, I believe we can submit. Thank you. We'll take the case under advisement.